McCooe, J.
(dissenting in part). I depart from the majority on the issue as to whether the landlord waived the right to attorney’s fees by not requesting them in the petition. The landlord’s right to attorney’s fees arose only after it was found to be the prevailing party. The tenant’s obligation to pay according to Article 19 of the lease arose only after it was billed for the attorney’s fees as additional rent. The landlord cannot be deemed to have waived its right to a cause of action that was not in existence at the commencement of the proceeding. There is no evidence of an intent by the landlord to relinquish a known right to attorney’s fees. The petition should have been amended to conform to the evidence (CPLR 3025 [c]) in the interests of judicial economy. Otherwise the landlord should have the right to commence a new proceeding for additional rent. The absence of a claim for attorney’s fees could not affect the tenant’s trial strategy and in any event it was aware of the attorney’s fee clause from the proceeding denominated the second nonpayment proceeding by the majority.
The order should be reversed granting the landlord’s application for attorney’s fees in both proceedings.
Parness, P. J., and Freedman, J., concur; McCooe, J., dissents in part in a separate memorandum.